## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re: VERONICA NELSON,

                            Debtor.

Hon. Marianne O. Battani

Case No. 05-60062

_____/

SCOTT SMITH,

                            Appellant,

v.

BANKRUPTCY ESTATE OF VERONICA
NELSON,

                            Appellee.

_____/

## OPINION AND ORDER OF THE COURT GRANTING TRUSTEE'S
## MOTION TO DISMISS NOTICE OF APPEAL

Before the Court is the Chapter 13 Standing Trustee's (Trustee) Motion to Dismiss Notice of Appeal (Doc. # 10). The Court has reviewed the pleadings and finds that oral hearing will not aid in the resolution of this matter and, therefore, is not necessary. See E.D.Mich.LR 7.1(e)(2). For the reasons that follow, the Court GRANTS Trustee's motion.

## I. INTRODUCTION

On March 14, 2005, Scott Smith filed a Notice of Appeal of the Bankruptcy Court's March 2, 2005 Order Denying the Motion to Vacate the Court's November 17, 2004 Order as to Attorney Scott Smith. The Bankruptcy Court held that the motion was untimely and failed to demonstrate that the court or the parties had been mislead by any palpable defect.

On April 19, 2005, the Court entered an Order for Response (Doc. # 6), requiring Appellant

1

to file his brief within twenty days.  Smith failed to do so, and on May 31, 2005, the Trustee filed her motion to dismiss, arguing Appellant failed to prosecute the appeal.  According to Smith, he notified the "Judge's Clerk" on June 14, 2005, that he would file his brief within a few days, and he did file it on June 20, 2005.

## II.  STANDARD OF REVIEW

The timely filing of briefs is governed by Bankruptcy Rule 8009, which requires the appellant to serve and file a brief within 15 days after the appeal is docketed, unless a local rule or order excuses the filing of briefs *or specifies different time limits*.  Fed.R.Bankr.P. 8009(a)(1). (Emphasis added).  Rule 8001(a) grants the district court authority to dismiss appeals for non-prosecution.  Fed.R.Bankr.P. 8001(a).

The Sixth Circuit has held that a late filing does not justify dismissal of the appeal absent a showing of bad faith, negligence, or indifference.  Third Nat'l Bank v. The Winner Corp. (In re Winner Corp.), 632 F.2d 658, 660-61 (6th Cir. 1980) (late filing of designation of record); Drybrough v. Ware (In re Bavarian Brewing Co.), 111 F.2d 548 (6th Cir. 1940) (appellant's indifference to rules requiring transmittal of record to court of appeals justified dismissal of suit).

## III.  ANALYSIS

In response to the instant motion, Smith observes that the appeal was certified on June 1, 2005, pursuant to Rule 8007(b).  He then references only that portion of Rule 8009(a)(1), that provides he had fifteen days after entry of the appeal on the docket to file his brief.

Even if the Court were to accept his myopic reading of the rule, and ignore the relevant language, Smith's brief was late.  The appeal was certified June 1, 2005; his brief was not filed until June 20, 2005, after the June 16, 2005, due date.  Smith's assertion that he did not receive actual

notice until June 8, 2005, because he moved his office does not suspend the deadline. He cannot reasonably expect expedited notice when he has not filed a change of address with this Court.

More importantly, in his response brief, Smith ignores the language in the governing rule that defaults to a fifteen day period only if a court order does not specify "different time limits." Fed.R.Bank.P. 8009(a)(1). Here, the Court did issue an order specifying a different time limit, and Smith likewise ignored the order requiring him to file his brief on or before May 9, 2005. The Court's Order for Response was mailed to Smith's address of record, and he has not provided the Court with any reason to believe he did not receive the order. Smith never moved for an enlargement of time, and he has not provided cause for his failure to comply with a court order. He nevertheless concludes, without recitation to authority or facts, that the Court should consider his appeal because the law favors adjudication on the merits, and there was no prejudice to any party.

In sum, the Court finds Smith failed to comply with Fed.R.Bank.P. 8009(a)(1). This Court established date specific deadlines for filing Appellants' brief, and Smith did not comply with the deadlines. The Court further finds he has offered no excuse for his failure to do so. His response to Trustee's motion misrepresents the governing rule and ignores the relevant facts. It is wholly inadequate. His conduct amounts, at a minimum, to indifference. This is not a situation wherein his conduct should be protected by a "judicial system reflect[ing] a strong presumption in favor of adjudication on the merits." English-Speaking Union v. Johnson, 353 F.3d 1013, 1021 (D.C.Cir. 2004) (internal quotation omitted). This Court must manage its docket, prevent undue delay, and sanction those who abuse the system." Id. Appellant is an attorney, who flouted scheduling rules in the bankruptcy court and continues to do so here. Appellant received notice of a potential dismissal and an opportunity to explain his failure to comply. Here, to allow Smith to further

3

prolong disgorging the funds to the debtor he represented, as ordered by the bankruptcy court on November 5, 2004, does create undue prejudice to her.  He has not satisfied his burden to show excusable neglect.  This Court established date specific deadlines for filing Appellants' brief, and Smith did not comply with the deadlines.

## IV.  CONCLUSION

Accordingly, Trustee's motion is GRANTED, and the Notice of Appeal is DISMISSED.

IT IS SO ORDERED.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served upon  Scott Smith and Lisa K. Millen on this date by ordinary mail and/or  electronic filing.


s/Bernadette M. Thebolt
Deputy Clerk

4